UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08CV00288 AGF |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Petitioner Christopher White to vacate the Court's Memorandum and Order and Judgment dated September 16, 2014, denying his petition for a writ of habeas corpus. White argues that the Court's denial of his habeas petition without conducting an evidentiary hearing, denies him a full and fair hearing of his claim that his rights under *Brady v. Maryland*, 373 U.S. 83 (1963) (holding that due process requires the state to disclose to the defense material impeachment evidence) were violated. The motion is similar to a pre-judgment motion filed in a related habeas case, *Juane Kennell v. Dormire*, No. 4:08CV00407 AGF, for discovery, release of documents reviewed by the Court *in camera*, and an evidentiary hearing.

Kennell and White were convicted in separate trials of crimes involving the June 21, 2002 shooting death of an individual named Freddie Chew. Each habeas Petitioner asserted a claim that the State failed to disclose a deal it had with the two key witnesses for the prosecution in each trial, Robert Stewart and Jeffrey Shockley, in return for their

testimony. In each habeas case, the Court granted the Petitioner's request to engage in discovery to ascertain whether Stewart and/or Shockley had negotiated favorable treatment in exchange for their testimony against Petitioner, to the extent that the Court ordered the Office of the Circuit Attorney for the City of St. Louis, the St. Louis Metropolitan Police Department, and the Missouri Public Defender System to provide numerous files, including the criminal case files for Petitioners, and any files involving charges against Shockley and Stewart, affording these non-parties a chance to object. The Circuit Attorney objected based on work product and attorney-client privileges, and the Arrest Record Act, Mo. Rev. Stat. § 610.100. The Public Defender objected based on work product and attorney-client privileges, and also argued that compliance with the Court's order would require it to violate Missouri Supreme Court Rule 4-1.6. In light of these objections, the Court ordered that the files be submitted to the Court for *in camera* inspection.

The files were submitted to the Court and the Court held a hearing on the question of whether the *in camera* documents should be provided to counsel for White and counsel for Kennell. At the hearing, the Court directed the Circuit Attorney to provide White and Kennell with copies of an unsigned plea agreement related to February 18, 2002 charges against Shockley, and granted Kennell and White leave to depose Shockley if they wished to. In other regards, the Court took the matter under submission.

In its September 16, 2014 decision in this case, the Court concluded, after review of the documents, that there was no evidence whatsoever in the record as a whole, including the *in camera* documents, of a violation of *Brady*, with respect to Stewart, and

that any possible *Brady* violation with respect to Shockley based upon a notation in his attorney's files that the State "hinted" that it may drop certain charges against Shockley in exchange for his testimony was not material or prejudicial for several reasons, including that Stewart had testified to essentially the same events as had Shockley.

In the motion before the Court, counsel for White states that he had assumed that that once the Court finished its *in camera* review of the documents, the Court would release any documents that were relevant to counsels for White and Kennell so that they could supplement their traverses and renew their requests for an evidentiary hearing. Counsel for White argues that it was not fair to issue a decision in his case without releasing relevant in camera documents to him, and affording him an evidentiary hearing and an opportunity to file a supplemental traverse on his *Brady* claim.

In support of his motion, counsel for White submits three exhibits. The first exhibit is a statement by an investigator hired by counsel to interview Stewart. The investigator states that he interviewed Stewart on August 2, 2012, and that Stewart told him that he (Stewart) was not offered any deal to testify against Kennell and White. Rather the judge in his case, offered to drop the charges if he would enlist in the army, which Stewart did. This undermines any claim that Stewart testified against Kennell and White in return for a deal with the state. The investigator further states that Stewart said he really could not identify Kennell and White, which has no bearing on White's *Brady* claim. And the investigator states that Stewart told him that he never heard Shockley say he was offered "some kind of a deal, but it was obvious, because he never went to prison

on his serious charges." (Doc. No. 77-1 at 2.)  This (hearsay) conclusion by Stewart is rank speculation.  Neither White nor Kennell deposed Stewart.

The second exhibit submitted by White's counsel is a declaration by Jerome Johnson dated Oct. 24, 2012, in which Johnson states that Shockley and Stewart told him they could not recognize the shooters in the Chew murder case because the shooters were wearing ski masks, and that they just guessed as to who the shooters were.  Johnson also states that a gun found by the police in a car he was driving on July 1, 2002, was not his, but belonged to Stewart, who along with Shockley, was in the car too.  (Doc. No. 77-2.) This gun later was identified as one involved in the shooting incident that left Chew dead.

The third exhibit submitted by White's counsel is the above-mentioned unsigned plea agreement with Shockley.  The unsigned agreement states that if Shockley pleaded guilty, the state would recommend a suspended imposition of sentence plus two years supervised probation, 80 hours community service, and payment of court costs, in exchange for his full cooperation, including truthful testimony in the prosecution of Kennell and White for Chew's murder, and Shockley's brother for a different murder. (Doc. No. 77-3.)  This plea proposal was never accepted.

The Court regrets the misunderstanding between the Court and White's counsel as to how matters would proceed with regard to the *Brady* claim.  The Court does not believe that Petitioner or his counsel has a right to the release of any of the *in camera* documents from the Public Defender's Office.  There is no basis for finding that Shockley waived his attorney-client privilege with respect to his attorney's case file.  And

4

as noted above, the only possible basis for a *Brady* claim contained in those files has already been disclosed and analyzed by the Court.

With respect to the Circuit Attorney's files, the Court is inclined to provide counsel for White with a copy of the record showing the disposition of charges against Shockley and Stewart filed when they were arrested on July 1, 2002. As noted in the Court's September 16, 2014 decision in this case, the record shows that within days of the arrest the charges were refused for lack of "sufficient value" with respect to Shockley and for "insufficient connection" with respect to Stewart. A copy of this Order will be provided to the Circuit Attorney's Office and the Court will allow the Circuit Attorney's Office seven days to object to the Court making this limited release of this document to counsel for White.

Similar to the relief recently granted to Kennell, the Court will allow White time within which to supplement his motion to alter or amend judgment, based on any new evidence and arguments he wishes to submit to the Court. White's suggestion that the Court's Order denying habeas relief should be vacated so that he can have additional time for discovery is rejected without prejudice. He has not set forth with specificity the additional discovery he seeks nor has he shown that any additional discovery will enable him to demonstrate that he is entitled to a writ of habeas corpus; he has asserted only what he would do at an evidentiary hearing. White's request for an evidentiary hearing is also denied at this point in the proceedings, as he has not shown that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for
5

constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *See* 28 U.S.C. § 2254(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk's Office shall provide the Circuit Attorney's Office of the City of St. Louis (a Movant in this case) with a copy of this Memorandum and Order, together with a copy of the document separately marked as Order Exhibit 1. The Circuit Attorney's Office shall have seven days to object to the Court making the above-noted release of the document to counsel for White. If no objection is filed, the Court will thereafter file Order Exhibit 1 under seal, with a copy to White. White shall then have ten days to file a supplement to his motion to alter or amend judgment, and if such a supplement is filed, Respondent shall have ten days to file a response. If no supplement is filed, the motion to alter or amend judgment will be denied.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 16th day of December 2014.